UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL D. MURPHY,<br><br>Petitioner,<br><br>v.<br><br>RALPH DIAZ,<br><br>Respondent. | No. 2:20-cv-1013 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges prisoner disciplinary proceedings which resulted in the revocation of 120 days of good conduct sentence credit. For the reasons which follow, the court will recommend that the operative amended petition for writ of habeas corpus be denied.

I. Legal Standards

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.2d 1146, 1149 (9th Cir. 2000).

/////

1

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

/////

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

With respect to prisoner disciplinary proceedings in which good conduct sentence credit is revoked, inmates are entitled to the following due process protection: (1) written notice of the charges, no less than twenty-four hours prior to the hearing; (2) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the defendant to do so. Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). As to the decision to revoke sentence credit itself, the Due Process Clause requires "that there be some evidence to support the findings made in the disciplinary hearing." Superintendent v. Hill, 472 U.S. 445, 457 (1985).

## II. Petitioner's Allegations

In his amended petition, petitioner claims that on October 24, 2018, he was charged with possessing alcohol which was allegedly found in his cell. Petitioner claims there were conflicting dates in the disciplinary charges as to when petitioner's cell was searched and the alcohol discovered. Petitioner claims his cell was not searched on either date. Petitioner asked to be assigned an "investigative employee" so that the employee could gather search logs which could be presented at his hearing, but his request was denied. Petitioner's request that the reporting officer testify at the hearing was also denied. On November 14, 2018, petitioner was found guilty and assessed a 120-day revocation of sentence credit.[1]

## III. State Court Action

Petitioner presented his claims concerning the denial of his request for an "investigative employee" and to call the reporting officer as a witness to the Superior Court of Los Angeles County and the California Supreme Court. The Superior Court of Los Angeles County denied the

---

[1] Petitioner also asserts he was denied "fair notice" of the charges against him. However, in his amended petition, he fails to point to anything suggesting he was not provided with notice of the charges heard at the hearing more than 24 hours before the hearing.

3

claims on the merits without any meaningful discussion, ECF No. 19 at 145, and the California Supreme Court denied the claims without any comment (ECF No. 19 at 150).

IV. Analysis

Under Wolff, petitioner is not entitled to the assistance of an "investigative employee" during prisoner disciplinary proceedings which result in the revocation of sentence credit, and petitioner fails to point to anything suggesting deviation from that rule is warranted here. Petitioner claims he needed the assistance of an "investigative employee" because the "investigative employee" could have obtained employee logs beneficial to petitioner's defense. Petitioner has no right to discovery with respect to prisoner disciplinary proceedings which result in the loss of good time, so his asserted need for an "investigative employee" does not implicate those protections to which he is entitled under the Due Process Clause. The court notes that petitioner was assigned a "staff assistant" for purposes of the disciplinary proceedings at issue (ECF No. 19 at 47) and petitioner fails to indicate why this was not adequate.

As for petitioner's desire to call the reporting officer as a witness, the report issued following the hearing, provided by respondent, indicates petitioner requested no witnesses for his hearing. ECF No. 19 at 48. Petitioner makes no attempt to refute this in his traverse.[2]

V. Conclusion

For all the foregoing reasons, the court will recommend that petitioner's application for a writ of habeas corpus be denied and this case be closed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for a writ of habeas corpus (ECF No. 8) be denied;

2. This case is closed; and

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[2] It appears the traverse filed in this action was meant for 1:20-cv-1300 DAD SAB, another habeas action being pursued by petitioner, and the traverse filed in that action (ECF No. 21) was meant for this case, but it is not clear. In any respect, petitioner does not challenge the evidence presented by respondent that petitioner did not request witnesses at the hearing at issue in this action in either traverse.

4

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 28, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
murp1013.157